UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIEZER TAVERAS and VALERIA R. TAVERAS,**

        **Plaintiffs,**

v.   Case No: 6:23-cv-2397-WWB-EJK

**SERVIS ONE, INC., CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, FAY SERVICING, LLC, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,**

        **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiffs' Alternative Motion for Leave to File Amended Complaint (Doc. 72), filed March 23, 2024. Defendants U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, Fay Servicing, Rushmore Loan Management Services, Christiana Trust, and Servis One., Inc., oppose the Motion. (Docs. 80, 81.) These Defendants also separately moved to strike the Amended Complaint (Docs. 74, 76), which Plaintiffs opposed. (Docs. 78, 79.) Upon consideration, the Court will allow Plaintiffs to amend their Complaint. Therefore, the Motions to Strike will be denied and the relevant Motions to Dismiss

will be denied as moot.

## I. BACKGROUND

Plaintiffs, proceeding *pro se*, filed the Complaint in this case on December 28, 2023. (Doc. 1.)[1] Plaintiffs are well known to the Court, as they have filed multiple federal lawsuits stemming from the foreclosure of a property they owned in Osceola County, Florida. After motions to dismiss had been filed by all Defendants, Plaintiffs filed an untimely Amended Complaint on March 9, 2024 (Doc. 67), without leave of Court and without the consent of the opposing parties. The Amended Complaint eliminated Plaintiffs' claims against three Defendants: the State of Florida, Ashley Moody, in her official capacity as Attorney General of the State of Florida, and the Honorable Christine Arendas, Circuit Judge of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. However, it also added several claims against the remaining five Defendants. Plaintiffs subsequently filed their Alternative Motion for Leave to File Amended Complaint (Doc. 72) on March 23, 2024. Defendants moved to strike the Amended Complaint (Docs. 74, 76) and oppose the motion to amend (Docs. 80, 81).

## II. STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

---

[1] The Court notes that Plaintiffs have filed a motion to consolidate this case with Case No. 6:21-cv-00189-WWB-EJK (the "21 Case"), which is currently pending with the presiding district court judge. The 21 case is currently stayed. The issues presented in this case appear to be a continuation of the issues presented in the 21 Case.

While the granting of leave to amend is not automatic, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks omitted).

"A district court [however,] may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). But "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *see also Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL 336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments).

### III.  DISCUSSION

At the outset, the Court notes that Plaintiffs' Amended Complaint was filed outside the timeframe allowed by Federal Rule of Civil Procedure 15(a)(1) for amending as a matter of right, and Plaintiffs did not receive leave of Court or the opposing parties' consent to file it under Rule 15(a)(2). Plaintiffs request that the Court nevertheless allow the amendment because, in their view, they have worked to narrow

the case by dropping several Defendants. Defendants respond that amendment in this case would be futile, because the Amended Complaint would still be subject to dismissal. Specifically, Defendants contend that the entirety of this case is barred by the *Rooker-Feldman* doctrine, as Plaintiffs complain of injuries stemming from a foreclosure action against them in state court.

In comparing Plaintiff's Complaint (Doc. 1) with Plaintiff's Amended Complaint (Doc. 67), Plaintiffs seek to drop three Defendants. As the Eleventh Circuit has advised:

> Litigants who wish to dismiss . . . less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15.

*Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023). Recognizing that Plaintiffs also seek to add additional factual allegations in the Amended Complaint, the most direct course of action in this particular case is to allow Plaintiffs to amend.

The Court also understands Defendants' frustration in this litigation and recognizes that Defendants will likely have to revise their motions to dismiss in light of the Amended Complaint—which includes additional counts against them. However, the Court is not persuaded that this inconvenience amounts to prejudice. Plaintiffs couch this suit as one to recover from infringements of their federal constitutional rights by Defendants. While Defendants may be correct that this case is subject to dismissal under *Rooker-Feldman*, that decision is more appropriately decided on a motion to dismiss, not on a motion to amend. *See St. Charles Foods, Inc. v. Am.'s*

*Favorite Chicken Co.*, 198 F.3d 815, 822–23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."). Finally, the Court has not yet set a deadline to amend pleadings, as a Case Management Report has yet to be filed. Plaintiffs will be given this one chance to amend before it is subject to the Court's review. Plaintiffs should not file any additional amendments without first obtaining the opposing parties' consent or leave of Court; otherwise, they will be stricken.

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Alternative Motion for Leave to File Amended Complaint (Doc. 72) is **GRANTED**. The Court will consider the Amended Complaint (Doc. 67) as timely filed.

2. Defendants' Motions to Strike the Amended Complaint (Docs. 74, 76) are **DENIED**.

3. The following Motions are **DENIED AS MOOT**:

    a. The State of Florida's Notice of Limited Appearance and Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction over Defendant (Doc. 30);

    b. Defendant Ashley Moody's Motion to Dismiss (Doc. 31);

    c. U.S. Bank, National Association as Legal Title Trustee for Truman 2016

      SC6 Title Trust, Fay Servicing, and Rushmore Loan Management Services' Motion to Dismiss (Doc. 50);

   d. The State of Florida's Motion to Dismiss Complaint (Doc. 60); and

   e. Christiana Trust and Service One, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 64).

4. Plaintiffs' Motion for Clarification of this Court's Order Regarding Case Management Report (Doc. 71) is **GRANTED**. The parties are relieved of their responsibility to file a Case Management Report. This case is **STAYED** pending resolution of Defendants' forthcoming motions to dismiss, pursuant to the Court's inherent authority to manage its docket.

5. Defendants Christiana Trust and Servis One, Inc.'s Unopposed Motion for Extension of Time to Respond to Amended Complaint (Doc. 77) is **GRANTED**. Defendants shall respond to Plaintiffs' Amended Complaint (Doc. 67) **on or before May 14, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE